# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 16, 2003

## GARY MAURICE SEXTON, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 67364, 69405     Mary Beth Leibowitz, Judge**

---

**No. E2003-00910-CCA-R3-PC**
**January 12, 2004**

---

The petitioner, Gary Maurice Sexton, Jr.,[1] appeals the Knox County trial court's denial of his *pro se* motion requesting "credit for time at liberty." On appeal, the petitioner asserts: (1) the trial court erred in denying the motion; (2) the trial court erred in requiring him to proceed *pro se* at the hearing; and (3) he received ineffective assistance of counsel prior to the *pro se* hearing. Upon review of the record and the applicable law, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA McGEE OGLE, JJ., joined.

Gary Maurice Sexton, Jr., Wartburg, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Patricia Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. "CREDIT FOR TIME AT LIBERTY"

**A. Background**

On June 26, 2000, the petitioner pled guilty to reckless endangerment, evading arrest, and driving under the influence, fifth offense, all Class E felonies. *See* Tenn. Code Ann. §§ 39-13-103 (reckless endangerment), 39-16-603 (evading arrest), 55-10-403(a) (DUI). On November 3, 2000, the trial court sentenced the petitioner to an effective three-year sentence in the Department of

---

[1] In various pleadings, the petitioner's name also appears as "Gary Maurice Sexton" and "Gary Maurice Sexton, Sr." In accordance with this court's policy, the petitioner's name is spelled as it appears in the indictment.

Correction (DOC). After being sentenced to three years in Knox County, he was transferred to the Sevier County jail where he served a misdemeanor sentence. Upon completing the Sevier County sentence on January 8, 2001, the petitioner was transferred to the Blount County jail where he had two pending misdemeanor charges. The petitioner stated that upon paying two "O-R bonds," he informed the chief jailer at the Blount County jail that he was a DOC prisoner. The petitioner said that the jailer searched his record in the computer, informed him that he was only required to report to probation in Sevier County, and released him. The petitioner did not contact any Knox County officials concerning his three-year DOC sentence.

On February 21, 2001, the petitioner received a letter from a probation officer in Sevier County instructing him to report to her as a condition of his probation. The petitioner stated he reported to his probation officer in Sevier County until February 14, 2002. On that date, the petitioner injured his back and went to a hospital in Blount County for treatment. Hospital officials discovered that outstanding warrants had been issued against the petitioner in Knox County regarding his prior convictions. When the petitioner was released from the hospital, officials from the Blount County Sheriff's Department took him into custody and transported him to the Knox County jail. On February 21, 2002, the petitioner was transferred to a state penitentiary to serve the balance of his three-year sentence.

On March 3, 2003, the petitioner filed a *pro se* motion entitled "Motion Before The Court" in which he requested "credit for time at liberty." In his motion, the petitioner contended that upon combining "credit for time at liberty" with jail credits previously awarded and time already served, his sentence was due to expire on April 4, 2003. The trial court conducted a hearing and subsequently denied the motion. In its written order denying the motion, the Knox County trial court found the petitioner was sentenced in Knox County, then transferred due to a "hold" to Sevier County, and then transferred due to a "hold" to Blount County. The court noted Blount County authorities released the petitioner following the completion of his obligation to that county. The court further noted the petitioner was later arrested and returned to the Knox County jail to await transfer to the state penitentiary for service of his three-year sentence relating to his Knox County convictions.

The trial court found that after the petitioner was released by Blount County authorities, he never reported to Knox County authorities nor to DOC authorities even though he knew he was under a three-year sentence in the state penitentiary. The court noted the petitioner, instead, waited for the authorities to discover the error. The court found the petitioner did not return to the custody of the Knox County Sheriff's Department until Blount County authorities arrested him and placed him with Knox County officials, who then transported him to the state penitentiary.

## B. Analysis

We first note that the Knox County trial court entered judgments against the petitioner on November 3, 2000. According to the petitioner, he was transferred to DOC on February 21, 2002. A trial court retains jurisdiction over a defendant who has been sentenced to DOC from the time the defendant is housed in the local jail or workhouse until he or she is transferred to the physical

custody of DOC. *See* Tenn. Code Ann. § 40-35-212(d). Therefore, under the general rule, the trial court did not have jurisdiction over the petitioner since the petitioner was in DOC when he filed his motion.

However, "a trial judge may correct an illegal, as opposed to an erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). The preferred method of challenging an illegal or void sentence is through an application for writ of habeas corpus. Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). A writ of habeas corpus addresses detentions resulting from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

Those seeking correction of their sentences typically fail to comply with the habeas corpus procedure. Cox, 53 S.W.3d at 292. An application for writ of habeas corpus must be filed in the court most convenient in distance to the applicant. Tenn. Code Ann. § 29-21-105. Although the petitioner is incarcerated in Morgan County, he filed his motion in Knox County. Moreover, an applicant seeking habeas corpus relief must provide a verified petition relating the specific facts of the restraint, including the party who is restraining him and the place where he is restrained; a copy of the legal process which forms the basis of the restraint; and an affirmation that the claim has not been previously brought and no other applications for writ have been filed, or if so, an attachment of any prior petitions and proceedings. *Id.* § 29-21-107. The petitioner in the case at bar failed to meet these requirements.

If the motion can be viewed as a timely filed motion to reduce the sentence pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure, or as a motion to correct "clerical mistakes" in a judgment pursuant to Rule 36, the trial court has jurisdiction to rule upon such requests. Cox, 53 S.W.3d at 292. The petitioner is not entitled to relief under Rule 35(b) because he filed the present petition more than 120 days after the sentence was imposed. *See* Tenn. R. Crim. P. 35(b). Furthermore, the allegations in the petitioner's motion do not qualify as "clerical mistakes" pursuant to Rule 36. *See* Tenn. R. Crim. P. 36.

We must also determine whether the denial of the petitioner's motion is the proper subject of a Rule 3 appeal as a matter of right. The denial of a motion for "credit for time at liberty" is not listed in Rule 3 as appealable as a matter of right. *See* Tenn. R. App. P. 3(b); *see also* State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002) (examining Rule 3 according to its "plain and unambiguous language"). A trial court's order denying a motion to correct a sentence is generally not appealable as a matter of right. Cox, 53 S.W.3d at 293. Moreover, when a petitioner raises habeas corpus issues but fails to meet the requirements for a habeas corpus proceeding, the use of the nonconforming form of action deprives the petitioner of an appeal as a matter of right. *Id.* Therefore, we conclude the trial court's denial of the petitioner's motion in the instant case is not the proper subject of a Rule 3 appeal as a matter of right.

However, the common law writ of certiorari may on rare occasions be granted to review sentencing infirmities not otherwise appealable. *Id.* at 294. The writ is limited to situations where

an inferior tribunal has exceeded its jurisdiction or acted illegally where "no other plain, speedy or adequate remedy" is available. Tenn. Code Ann. § 27-8-101; Cox, 53 S.W.3d at 294.

We are unable to conclude the trial court acted illegally in denying the petitioner's motion for "credit for time at liberty." The doctrine of "credit for time at liberty" has been invoked in other jurisdictions when a defendant has been incarcerated pursuant to a criminal judgment but was erroneously released through no fault of the defendant. State v. Walker, 905 S.W.2d 554, 556 (Tenn. 1995). Jurisdictions recognizing this doctrine have held that the defendant's sentence continues to run while he or she is at liberty. *Id.* However, this doctrine is not recognized in Tennessee. State v. Chapman, 977 S.W.2d 122, 127 (Tenn. Crim. App. 1997).

Although the doctrine of "credit for time at liberty" is not applicable, the petitioner may still be entitled to credit pursuant to due process principles. *See* State v. McKnight, 51 S.W.3d 559, 567 (Tenn. 2001); Walker, 905 S.W.2d at 555. Under the due process waiver doctrine, the government waives the right to reincarcerate a defendant "when its agents' actions are so affirmatively improper or grossly negligent that it would be unequivocally inconsistent with the fundamental principles of liberty and justice to require a legal sentence to be served in its aftermath." Chapman, 977 S.W.2d at 126 (citation omitted). In order to excuse a defendant from serving his sentence, more than a mistake by an individual in a ministerial capacity is necessary. *Id.* Rather, the defendant must not be at fault; more than simple negligence by the government must exist; and the defendant's reincarceration must be "unequivocally inconsistent with 'fundamental principles of liberty and justice.'" *Id.* (citation omitted).

We conclude the due process waiver doctrine does not apply to the present case. The actions of the Blount County authorities in releasing the petitioner amounted to simple negligence, rather than gross negligence. Furthermore, the petitioner was not without fault. Unlike the defendants in McKnight and Walker, who presented themselves to the proper authorities for service of their respective sentences, the petitioner in the present case never presented himself to Knox County authorities or DOC officials for service of his sentence. *See* McKnight, 51 S.W.3d at 562; Walker, 905 S.W.2d at 555. Therefore, the petitioner is not entitled to relief under this doctrine.

The doctrine of estoppel, which is also based upon fundamental fairness through due process, prevents recommitment "where justice and fair play require it." Chapman, 977 S.W.2d at 126 (citation omitted). The elements of estoppel are:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) that party must rely on the former's conduct to his injury.

*Id.* (citations omitted).

Estoppel does not apply under the circumstances of this case. The petitioner was not ignorant of the facts. Rather, he knew he had been sentenced to a term of imprisonment in DOC and, in fact, alleges he provided the Blount County jailer with this information. As noted above, the petitioner failed to present himself to the proper Knox County or DOC authorities for service of his sentence. Finally, the petitioner failed to establish he was prejudiced in any material way by the conduct of the Blount County officials. *See* McKnight, 51 S.W.3d at 567; Chapman, 977 S.W.2d at 126. Accordingly, the petitioner is not entitled to relief.

## II. SELF-REPRESENTATION AND INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends the trial court erred in requiring him to proceed *pro se* at the hearing. He further maintains actions of the public defender's office prior to the hearing amounted to ineffective assistance of counsel. We disagree.

At the hearing on the motion for "credit for time at liberty," an assistant public defender who represented the petitioner at his plea hearing stated he informed the petitioner that his appointment had ended. Counsel stated he explained to the petitioner that he must request the court to appoint him new counsel. Counsel further stated that upon receiving the petitioner's motion, he had the motion placed on the court's docket and filed a request for a transfer order. However, counsel informed the trial court he did not represent the petitioner.

We are unable to find any authority in Tennessee requiring the appointment of counsel under the circumstances of this case. *See generally* Tenn. Sup. Ct. R. 13 § 1(d). Furthermore, the petitioner cannot claim he received ineffective assistance of counsel for conduct relating to the hearing on his *pro se* motion. This issue is without merit.

## III. CONCLUSION

In summary, the denial of the petitioner's motion for "credit for time at liberty" was not appealable as a matter of right pursuant to Tennessee Rule of Appellate Procedure 3, and the petitioner is not entitled to relief through a common law writ of certiorari. Accordingly, this appeal is dismissed.

_____
JOE G. RILEY, JUDGE