IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## ANTHONY RANDAUL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**Nos. C01-382, C01-383     Lee Moore, Judge**

---

### No. W2003-02280-CCA-R3-PC  - Filed October 20, 2004

---

The petitioner, Anthony Randaul, appeals from the Dyer County Circuit Court's dismissal of his petition for post-conviction relief from his convictions for kidnapping, robbery, and sale of cocaine weighing less than one-half gram and resulting sentence of nine years.  He contends that he received the ineffective assistance of counsel at trial.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Jim W. Horner, District Public Defender, and H. Tod Taylor, Assistant Public Defender, for the appellant, Anthony Randaul.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the petitioner's sale of cocaine.  During the sale, the petitioner learned that the prospective buyer was an undercover informant, and he took her to a house where he threatened her, stole her money, and took the electronic device which she had been wearing in order to record the sale.

The petitioner was charged with aggravated kidnapping, sale of less than one-half gram of cocaine, and robbery, but after negotiating a plea agreement, he pled guilty to kidnapping, sale of less than one-half gram of cocaine, and robbery.  The trial court sentenced the petitioner as a Range I, standard offender to four years and six months on each count and ordered two counts to run concurrently and the third to run consecutively with a recommendation from the court and the state that the petitioner be allowed to serve his sentences in the Special Alternative Incarceration Unit, known as "boot camp."  See T.C.A. § 40-20-201 to -207; State v. Taylor; 992 S.W.2d 941, 943 n.3

(Tenn. 1999). After being transferred into the custody of the Tennessee Department of Correction (DOC), the petitioner learned that the DOC would not allow him to serve his sentences in boot camp. He filed a petition for post-conviction relief alleging ineffective assistance of counsel. He contends his attorney erroneously told him that he was eligible for boot camp, and that if he did not get it, he could withdraw his guilty pleas.

At the post-conviction hearing, only the petitioner and his prior counsel testified. The petitioner testified that being allowed to serve his sentences in boot camp was his primary consideration in accepting the plea agreement. He said that his lawyer told him that he was eligible for boot camp and that if he was not accepted, he could file a motion to withdraw his guilty pleas. He said he understood that the DOC would have to give final approval for his request to go to boot camp. He said that after he was incarcerated, he learned he was not eligible for boot camp and that had he known this, he would not have pled guilty.

The petitioner's attorney testified that he had researched the guidelines for boot camp before the petitioner's guilty pleas. He said kidnapping was not one of the offenses listed which automatically disqualifies an applicant from being accepted into boot camp. The attorney said, however, that he never actually contacted any DOC officials to confirm that the petitioner would be eligible for boot camp. The attorney said the question of whether the petitioner could serve his sentences in boot camp was a very significant factor in the petitioner's accepting the plea agreement. The attorney said he explained to the petitioner that the DOC had the ultimate decision-making authority for whether the petitioner would serve his sentences in boot camp. The attorney said the plea agreement required the state to recommend the petitioner for boot camp. He said the state fulfilled its requirements under the plea agreement. He said that when he learned that the petitioner was not eligible for boot camp, he filed a motion to withdraw the guilty pleas but that the motion was denied.

After receiving the evidence, the court dismissed the petition for post-conviction relief. The court found that the petitioner's attorney informed him "that kidnapping per se was not an excludable offense to boot camp," that "the decision about boot camp was entirely within the discretion of the Tennessee Department of Correction," and that "[t]he plea was entered with the State and the Court recommending boot camp." The court concluded by stating,

> I think if [the petitioner's attorney] is giving advice that's in accordance with the Tennessee Department of Correction guidelines and then the Tennessee Department of Correction does something differently, that's not ineffective assistance of counsel, that's simply the Tennessee Department of Correction exercising their discretion, which [the petitioner] was advised of.

On appeal, the petitioner contends that his attorney's failure to investigate fully whether he was eligible to serve his sentences in boot camp constitutes the ineffective assistance of counsel because it rendered his guilty pleas unknowing and involuntary. The state argues (1) that the

petitioner's petition for post-conviction relief was filed outside the one-year statute of limitations and (2) that the petitioner did not receive the ineffective assistance of counsel because his attorney informed him that the DOC would determine whether the petitioner would be allowed to serve his sentences in boot camp.

## I.  STATUTE OF LIMITATION

The state asserts that the petitioner's judgment of conviction was entered on May 14, 2002, and the petitioner's petition for post conviction relief was filed on May 18, 2003, more than one year later, thereby falling outside the statute of limitation.  In Tennessee,

> a person in custody under a sentence of a court of this state must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

T.C.A. § 40-30-102(a).

In this case, while the trial court's judgment of conviction was entered on May 14, 2002, it did not become final until thirty days later on June 13, 2002.  See State v. McKnight, 51 S.W.3d 559, 563 (Tenn. 2001); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996) (citing T.R.A.P. 4(a), (c); State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)).  Therefore, the one-year statutory period within which the petitioner was required to file his petition for post-conviction relief expired on June 13, 2003.  We also note that in its answer in the trial court to the petitioner's petition for post-conviction relief, the state admitted "the statistical and jurisdictional facts set forth in the pro se petition," and it admitted that the "petition was timely filed and [wa]s properly before the court."  The record reflects that the petitioner timely filed his petition for post-conviction relief.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner claims that he received the ineffective assistance of counsel because his attorney did not properly investigate whether he would be able to serve his sentences in boot camp, which rendered his guilty pleas unknowing and involuntary.  The state contends that the petitioner's attorney's performance did not constitute the ineffective assistance of counsel because he duly investigated whether a conviction for kidnapping precluded the petitioner from eligibility for boot camp and properly informed the petitioner that the DOC retained the ultimate decision-making authority.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence.  T.C.A. § 40-30-110(f) (2003).  On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against

those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 691. When a petitioner pleads guilty, he must show a reasonable probability that, but for the errors of his counsel, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

When the petitioner's claim is one of inadequate advice, courts generally distinguish between failure to inform of direct and indirect consequences of a guilty plea. Failure by counsel to inform of direct consequences of a guilty plea may constitute ineffective assistance of counsel. On the other hand, failure to inform of indirect consequences of a guilty plea normally does not. Adkins, 911 S.W.2d at 350. This distinction "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id. (quoting Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir. 1988)).

In this case, the petitioner's claim is one of inadequate advice. He asserts that his attorney failed to contact DOC officials and predetermine whether the DOC would allow the petitioner to serve his sentences in boot camp. The petitioner claims this failure rendered his guilty pleas unknowing and involuntary. We note that the attorney told the petitioner that based upon the DOC guidelines, the petitioner was not automatically disqualified for boot camp; that the state would recommend boot camp; and that the ultimate decision concerning this issue was vested with officials from the DOC. The petitioner does not claim that this information was inaccurate. We hold that the attorney's performance was not deficient considering the foregoing and the record as a whole. We affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE