# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

**JASON WARREN ALLEN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Cocke County**

**No. 28, 131 Richard R. Vance, Judge**

February 9, 2004

**No. E2003-02160-CCA-R3-PC**

The Petitioner, Jason Warren Allen, appeals the trial court's dismissal of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition is time-barred and the petitioner asserts no claim which would toll the statute of limitations. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

James Curwood Witt, Jr., delivered the opinion of the court, in which Joseph M. Tipton and Norma McGee Ogle, joined.

Jason Warren Allen, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

According to his petition, the petitioner was convicted pursuant to a guilty plea of a drug-related offense and sentenced to eight years imprisonment.[1] Judgment was entered on December 4, 1998. No direct appeal was apparently taken. On February 18, 2003, the petitioner sought post-conviction relief. In his petition, he alleged that his conviction was the result of an involuntary guilty plea and that he received ineffective assistance of counsel at trial. The post-conviction court appointed counsel to file an amended petition, if necessary. On August 15, 2003, the post-conviction court summarily dismissed the petition as time-barred.

---

[1] The petition states only that the conviction offense was "Schedule II Drugs: Cocaine." The judgment is not included in the record before us.

Tennessee Code Annotated Section 40-30-202 (a) provides that a person must petition for post-conviction relief within one year of the date on which the judgment became final or consideration of the petition will be time-barred.  The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise."  Id.  Due process demands, however, that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner.  State v. McKnight, 51 S.W. 3d 559 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn.2000); Burford v. State, 845 S.W. 2d 204 (Tenn. 1992).

In the present case, the petition was filed nearly five years after entry of the challenged judgment, well beyond the one-year limitations period.  Neither do any of the limited exceptions thereto apply.  See Tenn. Code Ann. §40-30-202(b).  The petitioner fails to assert any reason for his failure to pursue post-conviction relief in a timely manner.

Accordingly, the state's motion is granted.  The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____

JAMES CURWOOD WITT, JR., JUDGE