IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## JOE BOBBY YARBRO v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Dyer County**
**No. C02-70    R. Lee Moore, Judge**

---

**No. W2004-00751-CCA-R3-PC  - Filed October 13, 2004**

---

The Petitioner, Joe Bobby Yarbro, appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petition for post-conviction relief is time-barred by the statute of limitations, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ.  joined.

Stephen David Scofield, Dyersburg, Tennessee, for the appellant, Joe Bobby Yarbro.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On November 19, 2002, Petitioner entered a guilty plea to one count of possession of cocaine over .5 grams, a class B felony.  Pursuant to the negotiated plea agreement, Petitioner received a sentence of eight years in the Department of Correction.  No appeal was taken by the Petitioner.

On January 29, 2004, Petitioner filed, pro se, a petition for post-conviction relief. As basis for relief, Petitioner alleges that trial counsel was ineffective and that his guilty plea was involuntarily entered. He further asserts that he agreed to an eight year suspended sentence; that suspended sentence was revoked in March 2003. The trial court appointed counsel on February 2, 2004 and permitted counsel thirty days to file an amended petition. On February 17, 2004, the State filed a motion to dismiss the petition, asserting that the petition was barred by the one-year statute of limitations. Six days later, on February 23, 2004, the trial court dismissed the petition, finding the petition time-barred. The trial court further found that no exceptions existed that would toll the applicable statute of limitations. A notice of appeal document was filed on March 22, 2004.

Pursuant to Tennessee Code Annotated section 40-30-102(a) (2003 Repl.), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." The judgment of conviction in this matter was entered on November 19, 2002. No direct appeal was taken. Hence, the Petitioner had until November 19, 2003, in which to seek post-conviction relief. His petition was not filed until January 29, 2004, outside the applicable statute of limitations.

Due process demands, however, that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992). Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1)- (3). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-106(g) (2003 Repl). Thus, no grounds exist as an exception to the statute of limitations.

We conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief as time-barred. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE