IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


DARRELL BRADDOCK v. STATE OF TENNESSEE


Direct Appeal from the Criminal Court for Shelby County
No. P-28242    James C. Beasley, Jr., Judge

--------

No. W2004-00979-CCA-R3-PC  - Filed October 28, 2004

--------


The Petitioner, Darrell Braddock, appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petition for post-conviction relief is time-barred by the statute of limitations, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ.  joined.

Darrell Braddock, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


Darrell Braddock was found guilty by a Shelby County jury of first degree felony murder, attempted first degree murder, and two counts of aggravated assault.  *See State v. Darrell Braddock,* No. 02C01-9707-CR-00279, 1998 WL 217897, at * 1 (Tenn. Crim. App. at Jackson, May 5, 1998), *perm. to appeal denied*, (Tenn. Dec. 28, 1998).  His convictions and sentences

1

were affirmed by this Court on May 5, 1998, and, on December 28, 1998, permission to appeal was denied by the Tennessee Supreme Court. *Id.* A petition for post-conviction relief was filed on December 29, 1999. An amendment to this petition was filed by appointed counsel on August 15, 2002. Relief was denied by the post-conviction court and no appeal was taken from this denial.

On March 16, 2004, Petitioner filed, pro se, a second petition for post-conviction relief. As basis for relief, Petitioner alleged that trial counsel was ineffective. In support of his claim, Petitioner averred that counsel failed to adequately prepare for the case against his client and that trial counsel failed to file appropriate pre-trial motions, "which resulted in a farce proceeding." Also contained in Petitioner's accompanying "argument in support of issues for review" were allegations that trial counsel was ineffective for failing to object to the jury instructions and that trial counsel was ineffective for failing to challenge the legality of the indictment for felony murder. By order entered March 31, 2004, the post-conviction court dismissed the petition, finding that this is the Petitioner's second petition for post-conviction relief and that the petition is time-barred. The trial court further found that no exceptions existed that would toll the applicable statute of limitations. A notice of appeal document was timely filed on April 9, 2004.

Pursuant to Tennessee Code Annotated section 40-30-102(a) (2003 Repl.), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." The Petitioner's application to the Tennessee Supreme Court was denied on December 28, 1998. The present petition was not filed until March 16, 2004, well outside the applicable statute of limitations. While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner, *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1)- (3). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-106(g) (2003 Repl). Thus, no grounds exist as an exception to the statute of limitations. Moreover, the Petitioner had no authority to file a second petition for post-conviction relief. The Post-Conviction Procedure Act does not contemplate the filing of successive petitions. The filing of only one petition for post-conviction relief attacking a single judgment is contemplated by Tennessee Code Annotated Section 40-30-102(c).

For the reasons stated herein, we conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief as time-barred. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE