# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ARTHUR YANCY, JR.  v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Lake County
### No. 97-CR-7679-R1    R. Lee Moore, Judge

---

### No. W2006-00970-CCA-R3-PC   -   Filed October 11, 2006

---

The Petitioner, Arthur Yancy, Jr., appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petition for post-conviction relief is time-barred by the statute of limitations, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

Arthur Yancy, pro se.

Paul G. Summers, Attorney General & Reporter; Brian Clay Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

The Petitioner Arthur Yancy, Jr., entered a plea of guilty to one count of the sale of cocaine less than .5 grams on March 19, 1998.  For this conviction, the trial court sentenced the Petitioner to three years, suspended upon service of ninety days confinement and three years probation.  The

1

Petitioner did not reserve a certified question of law for this Court's review nor did the Petitioner appeal the sentence imposed.

On April 10, 2006, the Petitioner filed a petition for post-conviction relief in the Lake County Circuit Court. As grounds for the petition, the Petitioner claimed that newly discovered evidence established his "actual innocence," that the prosecution failed to disclose exculpatory evidence, that trial counsel was ineffective, and that the sentence imposed violates the holding of *Blakely v. Washington.* In support of his claim of innocence, the Petitioner attached the "Declaration of Hurley March," in which Mr. March declared that the Petitioner "played no role whatsoever" in the "sales transaction with the State's CI, nor did he provide the controlled substance to me." Mr. March further declared that both the prosecution and the Petitioner's counsel knew this information prior to the Petitioner's guilty plea. By order entered April 27, 2006, the lower court summarily dismissed the petition as being time-barred. The lower court further acknowledged that the "allegations of the [P]etitioner do not fit within the exceptions to the statute of limitations set forth in T.C.A. § 40-30-102." On May 8, 2006, the Petitioner filed a notice of appeal document.

Pursuant to Tennessee Code Annotated section 40-30-102(a) (2003), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." The Petitioner's guilty plea was entered on March 19, 1998. The present petition was not filed until April 10, 2006, well outside the applicable statute of limitations. While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner, *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* T.C.A. § 40-30-102(b)(1)- (3). Petitioner has failed to assert one of these exceptions for tolling the statute. He refers to no new <u>scientific</u> evidence and makes no claim that an earlier conviction has been overturned. *See* T.C.A. § 40-30-106(g). Furthermore, this Court has previously held that retrospective application of the rule in *Blakely* to cases on collateral review is not required. *See Issac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) ( *order* ). Thus, no grounds exist as an exception to the statute of limitations.

For the reasons stated herein, we conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief as time-barred. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding

without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE