# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### SOLON ATWELL BROWN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. B60600      W. Mark Ward, Judge**

---

**No. W2008-02237-CCA-R3-PC  - Filed April 20, 2009**

---

The petitioner, Solon Atwell Brown, appeals the Shelby County Criminal Court's summary dismissal of his petition for post-conviction relief as time-barred. The State has filed a motion requesting that this court affirm the post-conviction court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to establish that the petition was timely filed or that a recognized exception to the rule applies, we grant the State's motion and affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Solon Atwell Brown, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

According to the record before us, the petitioner robbed the victim, Nola Dover, with a deadly weapon on July 25, 1977. He was subsequently indicted by a Shelby County grand jury for one count of robbery with a deadly weapon and for being a habitual offender. In September 1978, he was convicted by a jury as charged and sentenced to life imprisonment. On direct appeal, a panel of this court affirmed the petitioner's convictions in an opinion issued on November 8, 1979. *Solon Brown and Odell Smith v. State*, No. 119 (Tenn. Crim. App., at Jackson, Nov. 8, 1979). No permission to appeal was filed.

On August 7, 2008, the petitioner filed the instant *pro se* petition for post-conviction relief in which he alleged that the statute of limitations was not applicable and that his sentence was void and illegal because the outside of the court's jacket or file on a separate case indicated that this case

was dismissed by nolle prosequi. On August 21, 2008, the post-conviction court summarily dismissed the petition, concluding that it was not timely filed within the applicable statute of limitations period, that no exception to the statute of limitations was established, and that the petition was not entitled to relief if treated as a habeas corpus petition. The petitioner timely appeals that dismissal.

At the time the offenses were committed in this case, under the original Post-Conviction Procedure Act, there was no statute of limitations. *See* T.C.A. § 40-30-102 (1982) (originally T.C.A. § 40-3802) (repealed 1995). In 1986, the Post-Conviction Procedure Act provided that any petition for post-conviction relief must be filed within three years of the date of the final action of the highest appellate court to which an appeal was taken or such petition would be barred. T.C.A. § 40-30-102 (1990). The statute was amended in 1996 to reflect a statute of limitations of one year. T.C.A. § 40-30-102(a) (1997). However, due process dictates that the statute of limitations not be so strictly applied so as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight*, 51 S.W.3d 559, 563 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). However, the exceptions to the statute of limitations are explicitly limited to the following circumstances:

(1)     claims based upon a new rule of constitutional law applicable to a petitioner's case;
(2)     claims based upon new scientific evidence showing innocence; and
(3)     claims based upon enhanced sentences which were enhanced because of convictions subsequently found to be illegal.

T.C.A. § 40-30-102(b) (2006). Absent the presence of one of these exceptions, the post-conviction court will have no jurisdiction to consider a petition filed outside the limitations period. *Id.*

In summarily dismissing the petitioner, the post-conviction court found as follows:

The petition shall be dismissed for failure to assert a colorable claim for either post-conviction relief or habeas corpus based on the following considerations of law:

If treated as a Petition for post-conviction relief, the petition is time barred. Further, the fact that some other case was dismissed against the Petitioner does not in any way excuse the filing of a timely petition for post-conviction relief in this case.

[The court further found that habeas corpus relief was not appropriate because] . . . [t]he Petitioner's conviction appears valid on its face. Further, the Petition should be dismissed as Petitioner has failed to attach a copy of any documents which would evidence a void judgment. Attaching a copy of a court jacket from another case is of no consequence to the present conviction. In summary, the Petition fails to show on its face that the Petitioner would be entitled to relief, even if all allegations in the Petition are taken as true.

There is no dispute in this case that the petition was filed outside the statute of limitations period. Applying either of the amended statutes, the petition was filed more than twenty-nine years after the judgments became final and more than ten years after the statute of limitations had expired. The petitioner himself acknowledges that his petition was not timely filed. He simply argues that his judgments are facially void as they lack the trial court's signature, that his sentence is illegal because it violates Tennessee Code Annotated section 41-21-102 regarding the mandatory delivery of prisoners to the Department of Correction upon "proper authority," and that his incarceration violates Tennessee Code Annotated section 41-21-105 which requires Criminal Court Clerks to provide wardens with certified copies of indictments. However, these claims asserted by the petitioner do not fall within any of the three recognized exceptions to the statute of limitations requirement. Moreover, no evidence is contained in the record which would indicate that an exception is applicable. Each ground asserted by the petitioner existed well within the applicable statute of limitations period, and the petitioner failed to challenge them. He cannot now rely upon due process to excuse his failure to timely act.

Likewise, the petition, if treated as one for habeas corpus relief, was correctly dismissed. No appropriate ground for relief was stated, as the allegations, even if taken as true, would not warrant habeas relief. The petitioner failed to establish a void judgment on the record before us. Moreover, if the petition is treated as one for habeas corpus relief, it was filed in the wrong county, thus failing to comply with the statutory requirements, which are mandatory. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *see also* T.C.A. § 29-21-105 (2006).

Thus, because the petition in this case was not timely filed and no recognized exception to the statute of limitations applies, the petition was properly dismissed. Moreover, summary dismissal was appropriate as Tennessee Code Annotated section 40-30-106(b) expressly provides that if it is plainly apparent from the face of the petition for post-conviction relief that the petition was not filed within the time set forth in the statute of limitations, the trial court "shall" enter an order dismissing the petition.

### CONCLUSION

Based upon our conclusion that the petitioner has failed to establish that the petition was timely filed or that a recognized exception to the rule applies, the decision of the Shelby County Criminal Court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-