# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## SHERMAN CLARK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-0783     Lee V. Coffee  Judge**

---

**No. W2008-02557-CCA-R3-PC  -  Filed November 23, 2009**

---

The Petitioner, Sherman Clark, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief.  The state has filed a motion requesting that this court affirm the court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.  We conclude that the state's motion is meritorious.  Accordingly, we grant the state's motion and affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Camille R. McMullen, JJ., joined.

Sherman Clark, Pro Se, Memphis, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellant State of Tennessee.

## MEMORANDUM OPINION

The record reflects that the Petitioner pled guilty on April 5, 2007, to the offenses of aggravated assault, a Class C felony, and evading arrest and resisting official detention, Class A misdemeanors.  The Petitioner was sentenced as a multiple offender to six years for aggravated assault and to eleven months and twenty-nine days for each remaining misdemeanor conviction. The sentences were ordered to be served concurrently for a total effective sentence of six years in the workhouse.  Imposition of the sentences was suspended and the Petitioner was placed on probation. On July 29, 2008, the trial court revoked the Petitioner's probation.  No direct appeal was taken.

On September 30, 2008, the Petitioner filed a petition for post-conviction relief.  As a basis for relief, Petitioner alleged that trial counsel was ineffective, that his guilty pleas were coerced and that there was not a sufficient basis to revoke his probation.

On October 7, 2008, the trial judge summarily dismissed the petition, finding that the petition was filed after the expiration of the statute of limitations. The Petitioner filed a timely notice of appeal on November 6, 2008.

Pursuant to Tennessee Code Annotated section 40-30-102(a) (2003 Repl.), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-202(a).

The Petitioner entered guilty pleas on April 5, 2007. The trial judge suspended the imposition of sentence and placed the Petitioner on six years probation. No direct appeal was taken. The Petitioner had one year to pursue post-conviction relief from the date the judgments became final. The judgments became final thirty days after entry of Petitioner's pleas on May 5, 2007. *See* Tenn. R. App. P. 4; Tenn. R. Crim. P.32(f). No motion was filed to withdraw Petitioner's guilty pleas before the judgments became final, therefore, the limitations period ended May 5, 2008.

Notwithstanding, due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The Post-Conviction Act provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. Tenn. Code Ann. § 40-30-202(b). The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). The principles of due process are flexible, requiring a balancing of the Petitioner's liberty interest against the State's finality interests. *Sample v. State*, 82 S.W.3d 267, 274 (Tenn. 2002).

In determining whether due process should toll the statute of limitations, courts should utilize a three-step process:

(1) determine when the limitations period would normally have begun to run;
(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced.
(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

In this case, due process is not implicated because the petitioner did have a reasonable opportunity to pursue any valid claims arising from entry of his guilty pleas.

A post-conviction petition may not be used to collaterally attack an order revoking probation. "[T]he Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and /or probation." *Young v. State*, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002); *see also Armistead v. State*, No. M2004-02795-CCA-R3-PC, 2005 WL 1950289 (Tenn. Crim. App. at Nashville, Aug. 15, 2005) perm. app. denied (Tenn. Oct. 31, 2005).

In the instant case, the Petitioner is without remedy because he is attempting to collaterally attack the revocation of his probation. *See Young*, 101 S.W.3d at 431. Because the Petitioner attacked the trial court's order revoking his probation, and is precluded by law from doing so, we conclude that the dismissal of his petition was not in error. *See Armistead*, 2005 WL 1950289 at *2. Therefore, the Petitioner's argument is without merit and he is not entitled to relief. Further, the Petitioner has failed to assert any facts that would toll the statute of limitations.

## Conclusion

Upon consideration of the pleadings, the record, and the applicable law, we conclude that the petition was properly dismissed. Further, we conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE