IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 21, 2010

## HARLEN ROY L. ZIRKER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-C-1408      Seth Norman, Judge**

_____

**No. M2009-01323-CCA-R3-PC - Filed September 10, 2010**

_____

A Davidson County jury convicted the Petitioner, Harlen Roy Lamont Zirker, of two counts of rape of a child and four counts of aggravated sexual battery, for which he was sentenced to a total, effective sentence of seventy-two years to be served at 100%. The Petitioner appealed, and this Court affirmed his convictions and sentence. *State v. Harlen Roy L. Zirker, aka Anthony Lamont Zirker*, No. M2003-02546-CCA-CCA-R3-CD, 2005 WL 1122646 at *1, *16 (Tenn. Crim. App. May 12, 2005), *perm. app. denied* (Tenn. Oct. 31, 2005). Subsequently the Petitioner filed a petition for post-conviction relief and two amended petitions thereafter, which he then voluntarily dismissed. Shortly after the dismissal, the Petitioner filed a second petition for post-conviction relief, which the post conviction court summarily dismissed because it was the Petitioner's second such petition and because it was untimely. The Petitioner now appeals the summary dismissal of his second petition. After a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, delivered the opinion of the Court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Harlen Roy L. Zirker, pro se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Sharon Reddick, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

# I. Background
## A. Facts at Trial

On direct appeal, this Court set out the facts presented at trial in detail. *See State v. Harlen Roy L. Zirker, aka Anthony Lamont Zirker*, No. M2003-02546-CCA-CCA-R3-CD, 2005 WL 1122646 (Tenn. Crim. App. May 12, 2005), *perm. app. denied* (Tenn. Oct. 31, 2005). A Davidson County jury convicted the Petitioner of two counts of rape of a child and four counts of aggravated sexual battery, for which he was sentenced to a total, effective sentence of seventy-two years to be served at 100%. Because the only issue in this appeal is the statute of limitations for post-conviction proceedings, we will not repeat the lengthy facts here.

## B. Post-Conviction Petitions

After our Supreme Court denied the Petitioner's Rule 11 application for permission to appeal on October 31, 2005, he timely filed a petition for post-conviction relief on August 16, 2006. Upon reviewing the petition, the post-conviction court appointed counsel to represent the Petitioner, and appointed counsel amended the petition on June 18, 2008. For reasons not in the record, on September 29, 2008, another attorney was appointed to represent the Petitioner, and that attorney filed an amended petition on January 21, 2009. On March 20, 2009, the Petitioner voluntarily withdrew his petition for post-conviction relief. The Petitioner filed a new petition for post-conviction relief on May 19, 2009. On June 2, 2009, the post-conviction court issued an order dismissing the May 19, 2009 petition for post-conviction relief because the Petitioner had already filed a petition for post-conviction relief that he subsequently withdrew and because the Petitioner's claims did not meet the requirements to reopen such a petition. Further, the post-conviction court found that the May 19, 2009 petition was filed beyond the statute of limitations.

## II. Analysis

The Post-Conviction Procedure Act governs all petitions for post-conviction relief and provides for the filing of petitions within one year of "the final action of the highest state court to which an appeal is taken or . . . the judgment became final." T.C.A. § 40-30-102(a) 2006). The statute goes on to provide exceptions to the statute of limitations:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(a)(1)-(3). Our Supreme Court has also said that the strict application of the one-year statute of limitations may not deny a petitioner the reasonable opportunity to assert a claim when the failure to file was beyond the petitioner's control. *State v. McKnight*, 51 S.W.3d 559, 563 (Tenn. 2001); *see also*, *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The statute is also clear that there is to be only one petition filed for a judgment, although a petition may be reopened under limited circumstances. T.C.A. § 40-30-102(c).

Tennessee Code Annotated section 40-30-117 allows a Petitioner to file a motion requesting the court to reopen the first post-conviction petition if:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the

conviction set aside or the sentence reduced.

In the instant case, the Petitioner's Rule 11 application was denied on October 31, 2005, and he filed his first petition for post-conviction relief on August 16, 2006, within the one-year statute of limitations. The Petitioner, however, voluntarily dismissed this petition on April 7, 2009. The Petitioner's second petition, filed May 19, 2009, is clearly outside the one year statute of limitations. Tennessee Code Annotated section 40-30-109(c) allows a petitioner who withdraws a petition without prejudice the right to file again, but the withdrawal does not toll the statute of limitations. Thus, the subsequent filing must be within the statutory one-year filing period as well.

Even though the Petitioner's second petition did not contain a motion to reopen the previous petition, the post-conviction court found that the Petitioner's claims did not meet the criteria of Tennessee Code Annotated section 40-30-117 for reopening a previous petition. We agree with the post-conviction court that the Petitioner did not establish that his claims were based upon either a newly established constitutional right, new scientific evidence, or that his sentence was enhanced by invalid convictions. Finally, the Petitioner does not argue that he is entitled to due process tolling, and it is not apparent that this is a consideration in this case. Thus, we conclude that the criteria necessary to reopen a previous petition were not present in the Petitioner's case and that the post-conviction court properly dismissed his petition. *See* T.C.A. § 40-30-117. As such, the Petitioner is not entitled to relief.

### III. Conclusion

Based upon the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____

ROBERT W. WEDEMEYER, JUDGE