# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### GARY WAYNE BELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 274880    Rebecca J. Stern, Judge**

---

**No. E2010-00517-CCA-R3-PC - Filed December 17, 2010**

---

The Petitioner, Gary Wayne Bell, appeals from the Hamilton County Criminal Court's summary dismissal of his "motion" for post-conviction relief. The State has moved to have this court summarily affirm the dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the record demonstrates that the "motion" was filed outside the statute of limitations applicable to petitions for post-conviction relief, we grant the motion and affirm the order of dismissal pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., J.J., joined.

Gary Wayne Bell, Appellant, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulany Faughn, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

On June 26, 2007, the Petitioner pled guilty pursuant to a plea agreement to various offenses in Hamilton County Criminal Court case numbers 261705, 261709, 261713, 261717, 261721, 261725, 261729, 261733, 261737, 261741, 261745, 261747, 261751,

261753, 261754, 261819 and 262916. Pursuant to the plea agreement, the Petitioner received an effective sentence of fifty (50) years, with eleven (11) months, twenty-nine (29) days to be served in confinement followed by supervised probation for the remainder of the sentences.

In January of 2010, the Petitioner filed the subject "motion" for post-conviction relief challenging his convictions and resulting sentences. The Petitioner claimed that he had received ineffective assistance from his trial counsel because counsel failed to file motions to suppress evidence, failed to provide the Petitioner with discovery, and failed to advise the Petitioner on the law applicable to concurrent sentencing. The Petitioner further alleged that his plea was not knowingly and voluntarily entered because he was emotionally distraught due to marital problems at the time of entry of the plea and because he did not know that he was agreeing to an illegal sentence. The Petitioner provided no basis for his allegation of sentence illegality. In addition, the record does not indicate the nature of the Petitioner's offenses, his offender classification, or how the sentences for his convictions were structured to achieve the effective fifty year sentence.

On February 3, 2010, the post-conviction court entered an order summarily dismissing the Petitioner's "motion" on grounds that it was filed outside the one-year limitations period applicable to petitions for post-conviction relief. The post-conviction court stated that none of the claims raised by the Petitioner were exempt from the one-year limitations period pursuant to Tennessee Code Annotated section 40-3-102(b). The post-conviction court also stated that due process did not require a tolling of the statute of limitations in this case. In his brief, the Petitioner argues the merits of the claims raised in his bid for post-conviction relief without challenging the post-conviction court's conclusion that the claims are time-barred.

The Post-Conviction Procedure Act requires a petition for post-conviction relief to be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a). As the post-conviction court noted in the order denying relief, the statute exempts certain claims from the one-year limitations period, but the Petitioner did not assert any such exempt claims in the "motion" filed below. See Tenn. Code Ann. § 40-30-102(b). The Petitioner also did not allege in his "motion" that due process concerns support a tolling of the limitations period in accordance with supreme court case law. See Sample v. State, 82 S.W.3d 267, 272-75 (Tenn. 2002); State v. McKnight, 51 S.W.3d 559, 562-63 (Tenn. 2001); Williams v. State, 44 S.W.3d 464, 468-71 (Tenn. 2001); Seals v. State, 23 S.W.3d 272, 276-79 (Tenn. 2000); Burford v. State, 845 S.W.2d 204, 208-10 (Tenn. 1992).

Accordingly, as the State asserts in its motion for summary affirmance, the record in this case "does not preponderate against the lower court's ruling," "no error of law requiring a reversal is apparent on the record," and "an opinion would have no precedential value." Tenn. Ct. Crim. App. R. 20. The State's motion is GRANTED and the order dismissing the Petitioner's "motion" for post-conviction relief is summarily AFFIRMED.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE