# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TYRONE CHALMERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-277-3    Joseph B. Dailey, Judge**

---

**No. W2003-02759-CCA-R3-PC  - Filed May 23, 2005**

---

The Petitioner, Tyrone Chalmers, appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petition for post-conviction relief is time-barred by the statute of limitations, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ.  joined.

Catherine Y. Brockenborough, Nashville, and Donald Edward Dawson, Nashville, for the appellant, Tyrone Chalmers.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

In September 1996, Petitioner Tyrone Chalmers entered a guilty plea to one count of especially aggravated robbery and one count of attempt to commit first degree murder. *State v. Tyrone Chalmers*, No. 02C01-9703-CR-00109, 1999 WL 134512, at *1 (Tenn. Crim. App., at

1

Jackson, Mar. 9, 1999). For these offenses, the trial court imposed concurrent sentences of nine and twenty-five years, respectively. *State v. Tyrone Chalmers*, No. 02C01-9703-CC-00109, 1999 WL 134512, at *1. On direct appeal, this Court modified the sentences to reflect respective terms of eight and twenty-four years. *Id.*

A petition for post-conviction relief was filed on September 23, 2003. As basis for relief, Petitioner alleged that trial counsel was ineffective. In support of his claim, Petitioner averred that counsel was ineffective, that his guilty pleas were coerced and not voluntarily entered, that his conviction was based on a violation of the privilege against self-incrimination, and that the prosecution failed to disclose exculpatory evidence. The State filed a motion to dismiss on the ground that the petition was time-barred. A hearing was conducted by the trial court on October 28 and October 30, 2003, during which defense counsel asserted that the one year statute of limitation should not bar the Petitioner's claims as the information was not discovered until commencement of investigation on the Petitioner's companion capital case. Defense counsel was appointed to represent Petitioner on his collateral capital case in November or December 2000. Defense counsel further asserted that discovery of the *Brady* material was made in March 2001. By order entered October 30, 2003, the post-conviction court dismissed the petition, finding that Petitioner has provided no reason why a petition was not filed within one year of the discovery of the alleged *Brady* material in 2001. In this regard, the trial court made the following remarks:

> . . . the time may not be dispositive but it would certainly be a factor to be considered I would think in the good faith efforts by counsel to go forward with these, with these petitions. I mean, there has to be some reasonableness applied to this. And, one can't wait, I mean, if you were to extend this process that your office is engaging in, I guess one could argue you could wait three, four, five, ten years to do this, twenty years. I mean, at what point do you say enough is enough. If you came in here and fifteen years later and said, well, we've been sitting on this for fifteen years but we think it's time now. I think there was a due process violation, you know, it may not be dispositive but it sure is something to be looked at, I think. And, I think it cannot be ignored if the Appellate Courts mean what they say in an attempt to handle these matters expeditiously and within reasonable periods of time.
> . . .
> . . .It may well be that your client didn't have the opportunity within a year of his guilty plea to raise this because this information had not yet been discovered by your office. But, clearly, once your office gained this information in March of 2001, after having been appointed on the capital case in late 2000, your client had an opportunity to raise this. Clearly, within a year of March of 2001, your office that devotes its full time to pursuing these issues, that's well versed in the law related to Post Conviction matters, should have raised it. And, to sit on it for two and a half years and now just as the capital case is about to be heard, to come in and file this is a very disingenuous way of affecting a delay in the proceedings in My opinion.
> . . .

. . . To sit on this information for two and a half years and then come in in September of 2003 and file this petition, I think is dilatory and inexcusable. . . . I just think that, you know, if this were information that you - all discovered in August of 2003 and then you filed this in September of 2003, that would be one thing. And, then, certainly, due process may require that you-all be given an opportunity to pursue it. Or, if you discovered it in March of 2001 and filed this in April of 2001, that would be fine. But, to have been representing him on this capital case in the year 2000, to discover this information which in and of itself I don't think can, on its face be considered to be Brady material. But, to have discovered it in 2000, in March 2001 and waited until September of 2003 to file this petition is absolutely inexcusable, in My judgment. . . .I'm going to dismiss this petition.

Pursuant to Tennessee Code Annotated section 40-30-102(a) (2003 Repl.), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-202(a). The Petitioner's direct appeal concluded on March 9, 1999. Thus, the Petitioner had one year in which to pursue a post-conviction remedy. The present petition was not filed until September 30, 2003, well outside the applicable statute of limitations.

Notwithstanding, due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992). The Post-Conviction Act provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. Tenn. Code Ann. § 40-30-202(b). The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *See Seals v. State,* 23 S.W.3d 272, 278-79 (Tenn. 2000). The principles of due process are flexible, requiring a balancing of the Petitioner's liberty interest against the State's finality interests. *Sample v. State,* 82 S.W.3d 267, 274 (Tenn. 2002).

In determining whether due process should toll the statute of limitations, courts should utilize a three-step process:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

3

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). In making this final determination, courts should carefully weigh the Petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," [*Burford v. State,* 845 S.W.2d 204, 207 (Tenn. 1992) ], against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 301. Under this test, we agree that due process tolled the one year statute of limitations in this matter. However, we cannot conclude that due process tolled the statute until September 30, 2003, over two years after discovery of the alleged *Brady* violation. Due process only required that the statute be tolled for a reasonable time after discovery of the "later-arising" claim. In this case, due process is not implicated because Petitioner did have a reasonable opportunity to have his claim heard. Due process requires that a petitioner be provided the opportunity to pursue a claim; it does not require that the courts of this state permit petitioners to use the claim of "due process" to excuse purposeful delay in the presentation of claims. In this regard, we conclude the post-conviction petition filed over two years after the discovery of the alleged *Brady* violation is time-barred.

For the reasons stated herein, we conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief as time-barred. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE