IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 1, 2008

## KENTRAIL STERLING v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23673      W. Mark Ward, Judge**

---

**No. W2007-02277-CCA-R3-PC - Filed October 28, 2008**

---

The petitioner, Kentrail Sterling, appeals the Shelby County Criminal Court's summary dismissal of his "Amended and Supplemental Petition for Post-Conviction Relief, and/or Petition for Writ of Error Coram Nobis, and/or Petition for Writ of Habeas Corpus," as well as his "Additional Amended and Supplemental Petition to Reopen Petition for Post-Conviction Relief." The lower court summarily dismissed the petition, finding that: (1) it was outside the statute of limitations for both post-conviction and error coram nobis relief; (2) the issues raised had been previously determined or were waived; and (3) the convictions were not void. On appeal, the petitioner asserts that the lower court erred in dismissing his "petition for post-conviction relief without an evidentiary hearing" because "due process claims nessetates [sic] setting aside the statute of limitations." Following review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, Kentrail Sterling.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

A Shelby County grand jury indicted the petitioner for two counts of aggravated robbery and two counts of especially aggravated kidnapping. Even though the petitioner was a minor at the time the crimes were committed, he was tried as an adult based on a finding of a past and unrelated delinquent act of aggravated robbery. He was subsequently sentenced to an effective term of sixty-

six years in the Department of Correction. A direct appeal was filed in this court. While the appeal was pending, the petitioner filed a *pro se* writ of habeas corpus alleging that a defective transfer proceeding in the juvenile court deprived the Shelby County Criminal Court of jurisdiction to adjudicate the criminal allegations and, thus, deprived him of his due process rights. The petition for habeas corpus relief was dismissed by the Shelby County Criminal Court because the same allegations had been made in the pending direct appeal.

On direct appeal, a panel of this court affirmed the petitioner's convictions but modified his sentence to a term of sixty-four years based upon the erroneous application of an enhancement factor. *State v. Kentrail Sterling*, No. W1999-00608-CCA-R3-CD (Tenn. Crim. App., at Jackson, Sept. 24, 2001). The court specifically held that: (1) the trial court exercised proper jurisdiction over the petitioner pursuant to a valid transfer hearing in the juvenile court; (2) the indictments were sufficiently clear as to the indicted offenses and in what manner such offenses were being charged; (3) the statutes under which the petitioner was convicted were not unconstitutionally vague and ambiguous; (4) the jury charge complied with constitutional requirements; (5) trial counsel was not ineffective; and (6) the trial judge properly imposed consecutive sentences. *Id.*

A second petition for the writ of habeas corpus was filed by the petitioner, again raising the same allegations as those raised in the initial habeas corpus petition. The habeas court dismissed the petition upon the ground that the allegations had already been adjudicated.

Subsequently, the petitioner, proceeding *pro se*, filed the petition which is the subject of this appeal, styled as an "Amended and Supplemental Petition for Post-Conviction Relief, and/or Petition for Writ of Error Coram Nobis, and/or Petition for Writ of Habeas Corpus." In the petition, the petitioner asserted that: (1) the transfer proceedings were improper, thereby depriving the criminal court of jurisdiction; (2) the petitioner's due process rights were violated in that alibi witnesses were not called; (3) the photographic spread identification was unduly suggestive; and (4) the sentence imposed was excessive because the trial court failed to consider the mitigating factor of the petitioner's mental history. Following the appointment of counsel, an "Additional Amended and Supplemental Petition to Reopen Petition for Post-Conviction Relief" was filed, which alleged that the reasoning behind the Court of Criminal Appeals ruling that the transfer hearing was valid could not stand because the petitioner was not appointed an attorney on appeal. The lower court entered an order summarily denying the petition finding that no relief was warranted if the petition was treated as one for post-conviction relief, as one seeking error coram nobis relief, or as a petition for the writ of habeas corpus. The court, when considering the petition as one for post-conviction relief, found as follows:

> . . . Based alone on the statute of limitations, this Court is required to summarily dismiss the petition as untimely filed because the [C]ourt of [C]riminal [A]ppeals issued its final ruling in April of 2001 and this Petition was not filed until January of 2007. Petitioner makes no colorable claim that the statute of limitations must be tolled and therefore this Court does not have jurisdiction to adjudicate the merits of this Petition or any petition to reopen post-conviction proceedings.

. . .

Even assuming that due process necessitates the tolling of the limitations period, this claim would still be summarily dismissed because all issues Petitioner raises have either been waived or previously determined. For example, Petitioner claims that the criminal court lacked jurisdiction to hear his case because the transfer proceedings from juvenile court to the criminal court were improper. However, a court of competent jurisdiction previously determined this issue because the [C]ourt of [C]riminal [A]ppeals ruled after a full and fair hearing that the transfer proceedings were proper. . . . Petitioner's claim in his amended petition that this holding was improper due to the fact he proceeded *pro se* is without merit because he knowingly and intelligently waived his right to appellate counsel.

Petitioner further alleges that he was denied due process because his trial counsel failed to call alibi witnesses, which essentially is an argument that Petitioner was denied effective assistance of counsel. The [C]ourt of [C]riminal [A]ppeals also decided on the merits of this claim when it held that trial counsel was effective. . . . Additionally, Petitioner's claim of ineffective assistance of counsel before the [C]ourt of [C]riminal [A]ppeals did not mention any failure to call alibi witnesses; thus, this issue has also been waived. Petitioner next claims that he should be granted a new trial because the photographic spread identification was unduly suggestive. This allegation is not a colorable claim and has been waived because Petitioner has not explained why he failed to raise this issue on direct appeal. Finally, Petitioner alleges that his sentence is excessive because the trial court did not consider certain mitigating factors. This issue has been waived and is thus not a colorable claim because the [C]ourt of [C]riminal [A]ppeals handed down Petitioner's sentence after a full and fair hearing on the matter and Petitioner failed to explain why he did not raise this issue in that proceeding.

In finding that the petitioner was not entitled to error coram nobis relief, the court stated:

Petitioner's Writ of Error Coram Nobis must be summarily dismissed because, like the Petition for Post-Conviction Relief, this filing was well outside the one-year statute of limitations. Also, assuming *arguendo* due process required the statute to be tolled, Petitioner makes no allegations supporting a writ of error coram nobis because there is no claim of newly discovered evidence. Petitioner merely alleges issues which have been previously determined or litigated and this claim is therefore dismissed.

Finally, in finding habeas corpus relief was not warranted, the court stated:

It is clear from the record and the Petition that Petitioner has failed to meet his burden because his claim that the convicting court lacked jurisdiction has already been adjudicated and resolved against him and there is no alternative claim that the

-3-

conviction is otherwise void. This Court finds that Petitioner has alleged no additional grounds for relief and his Petition for Writ of Habeas Corpus must therefore be summarily dismissed.

This timely appeal followed.

**Analysis**

On appeal, the petitioner frames his argument as "whether or not the court erred in dismissing [his] petition for post-conviction relief without a[n] evidentiary hearing." He specifically contends that the court erred in dismissing the petition without a hearing because "due process claims nessetates [sic] setting aside the statute of limitations." From a reading of his argument, we glean that the petitioner is not challenging the lower court's ruling that the petition was filed outside the one-year post-conviction statute of limitations or that he was not entitled to relief pursuant to the error coram nobis or habeas corpus statutes. He confines his argument only to the issue of whether the court erred in finding that he failed to allege due process violations which would toll the post-conviction statute of limitations. According to the petitioner, he raised allegations in the petition which did constitute due process violations, those being: (1) the issue of his trial as an adult was never appealed; (2) relevant alibi witnesses were not called; and (3) the photographic spread was unduly suggestive.

Though not challenged, we note that we are in agreement with the lower court's decision that error coram nobis and habeas corpus relief was not appropriate in this case. Thus, we address only the issue of whether the court properly dismissed the petition pursuant to the Post-Conviction Procedure Act. As noted above, the court summarily dismissed the petition on grounds that it was both time-barred by the statute of limitations and that the issues raised had been previously determined or were waived.

Tennessee Code Annotated section 40-30-102(a) (2006) provides that a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The petitioner's conviction in this case became final in 2001, after this court issued its opinion in the direct appeal of this case. The instant petition was not filed until January 2008, well beyond the one-year statute of limitations. Again, the petitioner does not dispute that the petition was not timely filed but asserts that the statute of limitations should be tolled on due process grounds.

An untimely post-conviction petition is subject to summary dismissal. T.C.A. § 40-30-106(b) (2006). However, due process dictates that the statute of limitations is not to be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight*, 51 S.W.3d 559 (Tenn. 2001); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The Post-Conviction Act itself provides three exceptions to the one-year statute of limitations: (1) when a new

-4-

constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. T.C.A. § 40-30-202(b) (2006). The petitioner does not assert the applicability of any of these exceptions, and it is apparent from a review of the record that none apply.

However, a post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *Seals*, 23 S.W.3d at 278-79. The principles of due process are flexible, requiring a balancing on the petitioner's liberty interest against the State's finality interest. *Sample v. State*, 82 S.W.3d 267, 274 (Tenn. 2002). In determining whether due process should toll the statute of limitations, courts should utilize a three-step process:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). In making this final determination, courts should carefully weight the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Sands*, 903 S.W.2d at 301.

On appeal, the petitioner argues that the statute of limitations should be tolled because the "allegations raised in his petition [do], in fact, state 'colorable claims' [that] if proven to be true would constitute due process violations." The petitioner's argument is misplaced. The question to be answered is whether due process requires tolling the statute of limitations, not whether due process was violated at trial or on appeal. The lower court was correct in its ruling that the petitioner asserted no ground which would justify a tolling of the applicable statute. The petitioner's claims raised in the petition were not "later-arising"; rather, the grounds for relief existed at the time of his conviction and were known to him at that time. Thus, we conclude that due process is not implicated because the petitioner did have a reasonable opportunity to have his claims heard.

Although the summary dismissal of the petition was mandated strictly on statute of limitations grounds, we also conclude that the lower court was correct in its determination that these claims have previously been adjudicated on direct appeal or were ripe for review at that time; thus, the failure to raise them at that time waived the petitioner's right to review. *See* T.C.A. § 40-30-106(g), (h) (2006). On direct appeal, a panel of this court found that the petitioner's claim regarding an improper transfer to the criminal court was without merit. Moreover, the claim regarding the failure to call \alibi witness, essentially a claim of ineffective assistance of counsel, was waived

because it was not raised as part of the ineffective claim asserted on direct appeal. Likewise, the claim regarding the photographic identification was waived, as it was not raised on direct appeal. For these reasons, we conclude that the lower court did not err in summarily dismissing the petition.

## CONCLUSION

Based upon the foregoing, the decision of the Shelby County Criminal Court is affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE