IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2008

# ARTIS WHITEHEAD v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 03-04835    James C. Beasley, Jr., Judge

---

### No. W2008-00815-CCA-R3-PC  -  Filed March 19, 2009

---

The petitioner, Artis Whitehead, appeals the Shelby County Criminal Court's order summarily dismissing as untimely his petition for post-conviction relief. On appeal, the petitioner argues that his petition for certiorari to the United States Supreme Court tolled the one-year limitations period for filing a post-conviction petition, and because his petition was filed within one year of the Supreme Court's order denying certiorari, his post-conviction petition was timely. The petitioner also argues that because counsel incorrectly informed him that the deadline for filing his post-conviction petition was one year after the Supreme Court denied certiorari, due process requires the tolling of the one-year limitations period. After reviewing the record, we conclude that while the petition was untimely, further development of the record is necessary to determine whether counsel's advice regarding the limitations period constituted "misrepresentation, either attributable to deception or other misconduct," see Williams v. State, 44 S.W.3d 464, 469 (Tenn. 2001), that necessitated due process-based tolling of the limitations period. As such, we reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Case Remanded.

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Artis Whitehead, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich and Theresa McCusker, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The record reflects that the defendant was convicted of five counts of especially aggravated kidnapping, two counts of aggravated assault, two counts of aggravated robbery, two counts of especially aggravated robbery, and one count of attempted aggravated robbery. State v. Artis Whitehead, No. W2004-03058-CCA-R3-CD, 2006 WL 1273749, at *1 (Tenn. Crim. App. May 10, 2006), perm. app. denied, (Tenn. Oct. 16, 2006), cert denied sub. nom. Whitehead v. Tennessee, 127 S. Ct. 1492 (2007). The defendant received an effective sentence of 249 years in the Department of Correction. Id. This court affirmed the defendant's convictions and sentences on appeal. Id. The Tennessee Supreme Court denied the defendant's application for permission to appeal on October 16, 2006. On January 16, 2007, the petitioner filed a petitioner for certiorari in the United States Supreme Court, which denied the petition on March 5, 2007.

On March 3, 2008, the petitioner lodged a petition for post-conviction relief with prison authorities.[1] In the petition, he asserted that: (1) the trial court abused its discretion by compelling him to testify at trial; (2) the trial court's failure to merge his aggravated assault and kidnapping conviction constituted double jeopardy; (3) his especially aggravated kidnapping convictions violated his due process rights "because the kindapping was essentially incidental to the accompanying especially aggravated robbery convictions"; (4) the state's closing argument constituted prosecutorial misconduct; (5) his effective 249-year sentence violated his rights under the Sixth Amendment; (7) the state "failed to comply with the statutory requirement of expressly notifying Petitioner regarding his intention to seek enhanced punishment based on prior convictions"; and (8) he received the ineffective assistance of counsel at trial and during the sentencing hearing.[2]

The post-conviction court received the petition on March 19, 2008. On March 25, 2008, the post-conviction court summarily dismissed the petition as untimely, finding that the petitioner's application for certiorari to the United States Supreme Court did not toll the one-year limitations period for filing a post-conviction petition. The petitioner subsequently filed a timely notice of appeal.

ANALYSIS

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the

---

[1]The Tennessee Rules of Post-Conviction Procedure, codified at Rule 28 of the Rules of the Supreme Court of Tennessee, provide that if the clerk of the post-conviction court does not receive "papers required or permitted to be filed by these rules . . . until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. Sup. Ct. R. 28, § (2)(G). In this case, the petitioner attested that he submitted his petition to "Officials in the Mail Room here at Hardeman County Correctional Facility" on March 3, 2008.

[2]The petitioner was represented by one attorney at trial; this attorney was replaced by two different attorneys, who represented the petitioner at the sentencing hearing and on appeal.

2

judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996) (citing Tenn. R. App. 4(a) and (c)).

There are few exceptions to this limitations period. The Post-Conviction Procedure Act provides that a petition may be filed beyond the expiration of the one-year limitations period if the otherwise untimely claim (1) is based on a constitutional right that did not exist at trial, (2) is based on new scientific evidence, or (3) seeks relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. Tenn. Code Ann. § 40-30-102(b)(1)-(3). None of these statutory exceptions apply in this case. Furthermore, this court has held that "due process does not require tolling the statute of limitations while a petition for certiorari is pending before the United States Supreme Court." John Haws Burrell v. State, No. E1999-02762-CCA-R3-PC, 2001 WL 15792, at *2 (Tenn. Crim. App. Jan. 8, 2001); see also Chesley Randell Thompson v. State, No. E2002-00580-CCA-R3-PC, 2003 WL 21276129, at *2 (Tenn. Crim. App. June 3, 2003). Thus, the statute of limitations in the present case began to run on October 16, 2006, when the Tennessee Supreme Court denied the petitioner's application for permission to appeal. Because the petitioner filed his petition for post-conviction relief nearly five months after the October 2007 expiration of the limitations period, we conclude, as did the post-conviction court, that the petition was untimely.

However, the one-year limitations period for filing a post-conviction petition may be tolled based on due process concerns, which dictate that strict application of the statute of limitations may not deny a petitioner a reasonable opportunity to assert a claim in a meaningful time and manner when the failure to file in a timely manner is due to circumstances beyond a petitioner's control. State v. McKnight, 51 S.W.3d 559, 563 (Tenn. 2001); Williams v. State, 44 S.W.3d 464 (Tenn. 2001); Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). This court has held that one such circumstance would be the petitioner's mental incompetence throughout the limitations period. See Alvin L. Smith v. State, No. 01C01-9808-CC-00343, 1999 WL 810229, at **1-2 (Tenn. Crim. App. Oct. 12, 1999). Additionally, our supreme court has noted that "an attorney's misrepresentation, either attributable to deception or other misconduct, would also be beyond a defendant's control." Williams, 44 S.W.3d at 469.

In this case, the petitioner's argument that due process concerns necessitate the tolling of the statute of limitations is based largely on his assertion that he was misled by his former attorneys. In support of this assertion, the petitioner attaches to his brief an August 3, 2007 letter from one of the attorneys who represented the petitioner at the sentencing hearing and on appeal. In the letter, counsel notes that the petitioner's file had been closed, counsel no longer represented the petitioner, and that based upon the United States Supreme Court's denial of certiorari, any post-conviction petition would need to be filed by March 5, 2008.[3] In response, the State argues that "the letter does

---

[3]Generally, documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal. See State v. Jamie Lee Pittman, No. E2001-00546-CCA-R3-PC, 2002 WL 407226, at *1 (Tenn. Crim. App. Mar. 15, 2002) (citing State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)). While the preferred procedure would have been for the petitioner to file a motion to supplement the

not justify due process tolling because it was mailed five months after the denial of the [petitioner]'s writ of certiorari and clearly stated that counsel no longer represented the [petitioner], resulting in the conclusion that at the time of the letter, the defendant was representing himself . . . ." The State adds that the petitioner "asserts no argument that during this five month period when he was not represented by counsel . . . he was misled as to when his post-conviction was due, nor for that matter does he assert that he was ever misled during the pendency of his writ of certiorari."

The petitioner cites to Williams in support of his assertion that counsel's inaccurate information regarding the deadline for his post-conviction petition gave rise to due process concerns which necessitated tolling the limitations period. Williams involved a defendant who claimed that his attorney at trial and on appeal to this court failed to communicate regarding the filing of a Rule 11 application for permission to appeal to the Tennessee Supreme Court. Williams, 44 S.W.3d at 465-66. The defendant's Rule 11 application and post-conviction opinion were both filed beyond the respective limitations periods. Id. at 466-67. While the post-conviction petition was untimely, the post-conviction court appointed counsel and scheduled an evidentiary hearing; however, after two separate post-conviction attorneys withdrew, the defendant was granted his request to proceed pro se. Id. at 466. At the evidentiary hearing, the defendant did not present evidence, citing a lack of discovery and the absence of witnesses he had subpoenaed. Id. at 467. The post-conviction court dismissed the petition. Id. On appeal, this court remanded the case to the post-conviction court "for a hearing 'initially to address the circumstances of the petitioner's direct appeal, of the application for permission to appeal, and of trial counsel's relationship to the application—as all relate to the issue of the statute of limitations.'" Id. The Tennessee Supreme Court affirmed this court's decision on appeal. Id. at 471-72. In doing so, the court stated that"an attorney's misrepresentation, either attributable to deception or other misconduct, would also be beyond a defendant's control." Id. at 469 (emphasis added). However, the court also noted that its opinion in Williams did "not hold[] that a petitioner may be excused from filing an untimely postconviction petition as a result of counsel's negligence." Id. at 468 n.7 (emphasis added).

As the State notes in its brief, the facts of the instant case can be distinguished from those in Williams. Unlike the petitioner in Williams, the petitioner in the instant case was represented by counsel throughout his direct appeal. However, the concerns regarding the statute of limitations and the possible misrepresentation of counsel are present in both cases. Counsel's advice to the petitioner regarding the deadline for filing his post-conviction was clearly incorrect; if such actions constituted "misrepresentation, either attributable to deception or other misconduct" on counsel's part, counsel's actions may well have denied the petitioner the reasonable opportunity to seek post-conviction relief. Further development of the record is necessary to determine whether counsel's actions rose to the level of misrepresentation, requiring due process-based tolling of the limitations period. If counsel's actions were simply negligent, such tolling would not be necessary. Accordingly, we remand this petition to the post-conviction court for an evidentiary hearing. As the supreme court noted in Williams, the scope of the evidentiary appeal is limited

record, we will liberally construe the filings of this pro se petitioner and take judicial notice of the letter.

4

to determin[ing] (1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition in [March 2008] was within the reasonable opportunity afforded by the due process tolling.

Id. at 471.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is reversed and the case remanded for an evidentiary hearing, the scope of which is detailed in this opinion.

_____
D. KELLY THOMAS, JR., JUDGE