# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### OLIVER J. HIGGINS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 6205     Charles C. McGinley, Judge**

---

**No. W2008-02694-CCA-R3-PC  - Filed April 20, 2009**

---

The Petitioner, Oliver J. Higgins, appeals the trial court's denial of his petition for post-conviction relief.   The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Oliver J. Higgins, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1984, the Petitioner, Oliver J. Higgins, was convicted of seven offenses involving the sale of marijuana.  He asserts that he received a sentence of eleven months, twenty-nine days on each count; all to be served concurrently.  No appeal was taken seeking review of his convictions or sentences. On December 27, 2007, the Petitioner received a sentence of life imprisonment in the federal system.  His current federal sentence was based in part upon the Petitioner's 1984 drug convictions.

On October 16, 2008, the Petitioner filed, *pro se*, a petition for post-conviction relief in the Hardin County Circuit Court collaterally challenging his 1984 convictions. As grounds for relief, the Petitioner alleged that counsel was ineffective, that his conviction was based on the use of evidence obtained pursuant to an unconstitutional search, that the State failed to disclose exculpatory evidence, that he was actually innocent of the offenses, and that newly discovered evidence established his innocence. The Petitioner further asserted that the statute of limitations should be tolled due to the extraordinary circumstances and because of the United States Supreme Court's decision in Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571 (2003). By order entered November 13, 2008, the trial court summarily dismissed the petition, finding that that the petition was time-barred by the statute of limitations. A notice of appeal document was filed on November 26, 2008.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the statute of limitations for filing a petition for post-conviction relief has expired and argues that due process considerations do not require tolling of the limitations period. The Petitioner has filed a response to the State's motion in which he contends that his case presents extraordinary circumstances justifying equitable tolling.

Between the date of the Petitioner's convictions and the filing of the petition for post-conviction relief, several statutes governing post-conviction relief have been enacted and amended. At the time his convictions became final, there was no applicable statute of limitations for seeking post-conviction relief. Accordingly, a petition could be filed "at any time after [a petitioner] ha[d] exhausted his appellate remedies and before the sentence ha[d] expired or had been fully satisfied." T.C.A. § 40-30-102 (1982) (*repealed* 1986). In 1986, the Post-Conviction Act established a three-year statute of limitations. T.C.A. § 40-30-102 (1990) (*repealed* 1995). Those whose convictions were final before the effective date of the act had three years from July 1, 1986, to file a post-conviction claim. See Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1988). In 1995, our legislature amended the Post-Conviction Procedure Act such that under our current law, a petitioner must seek post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a) (2003). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T.C.A. § 40-30-102(a).

While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner, State v. McKnight, 51 S.W.3d 559 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.*, (1) claims based upon a new rule of constitutional law

2

applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. See T.C.A. § 40-30-102(b)(1)-(3). The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. See Seals, 23 S.W.3d at 278-79. The principles of due process are flexible, requiring a balancing of the Petitioner's liberty interest against the State's finality interests. Sample v. State, 82 S.W.3d at 274.

In determining whether due process should toll the statute of limitations, courts should utilize a three-step process:

> (1) determine when the limitations period would have normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). In making this final determination, courts should carefully weigh the Petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," Burford, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." Sands, 903 S.W.2d at 301. Again, the Petitioner claims that the statute of limitations is tolled by (1) the United States Supreme Court's decision in Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571 (2003); (2) newly discovered evidence of law enforcement corruption that affected the Petitioner's case; and (3) the Petitioner's actual innocence of the charges in this case.

In Johnson v. United States, the Supreme Court, interpreting a one-year federal statute of limitations, held that the vacatur of a prior state conviction used to enhance a federal sentence constituted a new "fact," which commenced the statute of limitations for collaterally attacking the federal sentence. Johnson did not create a new constitutional rule of law applicable to the Petitioner's case. See 40-30-102(b)(1). The Petitioner's reliance upon Johnson is misplaced. Johnson attacked his federal sentence pursuant to 28 U.S.C. § 2255 on the ground that a state conviction used to enhance the federal sentence. The Supreme Court decided the "distinct issue of how soon a prisoner, successful in his state proceeding, must challenge the federal sentence under § 2255." Id., at 304. The holding in Johnson was limited to challenging federal sentences and the interpretation of section 2255. The holding in Johnson did not create a tolling provision for challenging state convictions.

The Petitioner further alleges that he is actually innocent of the offense and that newly discovered evidence of law enforcement corruption entitles him to relief. In support of his argument

3

that newly discovered evidence exists, the Petitioner maintains that he "has good reason to believe that one or more of the Hardin County Sheriffs Dept. Agents involved in the 1984 narcotics case have been removed from office due to corrupt and illegal conduct while performing their law enforcement duties." First, this information fails to qualify as new scientific evidence. See T.C.A. § 40-30-102(b)(2). Additionally, the Petitioner's allegation in this regard remains just that an allegation. He concedes that he "does not have any specific documented evidence to substantiate these claims."

Finally, the Petitioner alleges that his actual innocence of the crimes for which he has been convicted. The Petitioner's claim of actual innocence derives from his assertion that his involvement in the seven counts of the sale of marijuana was "essentially a sale of accommodation [for a friend] and not any distribution for profit." This argument fails to convince this Court that the Petitioner is actually innocent of the offenses.

In the present case, due process is not implicated. Due process requires that a petitioner be provided the opportunity to pursue a claim; it does not require that the courts of this state permit petitioners to use the claim of "due process" to excuse purposeful delay in the presentation of claims nor does it permit petitioners to wrap themselves in a cloak of "due process" comprised of frivolous guises to evade the expired statute of limitations. The Petitioner's post-conviction petition filed nearly nineteen years after the limitations expired is time-barred.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
**CAMILLE R. MCMULLEN, JUDGE**