IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


OLIVER J. HIGGINS v. STATE OF TENNESSEE

Direct Appeal from the Circuit Court for Hardin County
No. 7608    Charles C. McGinley, Judge

———————————

No. W2008-02671-CCA-R3-PC   -   Filed August 17, 2009

———————————


The Petitioner, Oliver J. Higgins, appeals the trial court's denial of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition for post-conviction relief fails as it is barred by the statute of limitations. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Oliver J. Higgins, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.


MEMORANDUM OPINION

As alleged in his petition, on January 15, 1998, the Petitioner, Oliver J. Higgins, entered guilty pleas to four counts of the sale of a controlled substance, *i.e.,* cocaine, in the Hardin County Circuit Court. For these convictions, the Petitioner received an effective sentence of twelve years confinement. No appeal was taken seeking review of the sentence.[1] The Petitioner is currently

---

[1]The Petitioner asserts in his petition that "[c]ounsel advised appeal was filed." However, in the attached

(continued...)

incarcerated at a federal prison in Kentucky, serving an effective sentence life plus five years based on various drug-related convictions out of the United States District Court for the Western District of Tennessee. See United States v. Higgins, 557 F.3d 381, 384 (6th Cir. 2009).

On September 24, 2008, the Petitioner filed a petition for post-conviction relief in the Hardin County Circuit Court. As grounds for relief, the Petitioner alleged that his guilty pleas were involuntary, the prosecution failed to disclose favorable evidence, he was denied the effective assistance of counsel, he is actually innocent of the charges for which he stands convicted. The Petitioner further asserts that newly discovered evidence justifies the tolling the statute of limitations in his case. Specifically, the Petitioner asserts that "[n]ewly discovered evidence shows that law enforcement personnel working with the 24th Judicial Circuit and Hardin County Sheriff's Narcotics Task Force were corrupt at the time Higgins was being 'investigated'. . . ." The Petitioner, in a subsequent pleading responding to the State's answer, argued that Johnson v. State, 544 U.S. 295, 125 S. Ct. 1571 (2003), "established an accrual point for challenging state prior convictions at the date such was used in federal court to enhance the defendant's sentence." Using Johnson, the Petitioner argued that, since he was sentenced in federal court on December 27, 2007, his petition for post-conviction relief was timely filed. By order entered July 18, 2007, the lower court dismissed the petition as barred by the statute of limitations. The Petitioner, proceeding *pro se*, timely filed a notice of appeal document on November 26, 2008.

On February 19, 2009, the Petitioner, proceeding *pro se*, filed an initial brief with this Court. In his brief, the Petitioner alleged that the statute of limitations barring his request for post-conviction relief should be tolled based, not only upon the ruling in Johnson v. State, but also upon his assertion that "the legal questions presented by [his] post-conviction petition are not strictly a temp[o]ral calculation." In lieu of a responsive brief, the State, on June 24, 2009, filed a motion requesting that this Court affirm the lower court's denial of post-conviction relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserted that the petition is time-barred. The State further argued that the Petitioner's claims do not satisfy the statutory exceptions to the timely filing requirement. On July 1, 2009, the Petitioner filed a response to the State's motion for affirmance.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T.C.A.§ 40-30-102(a). While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have

---

[1](...continued)
memorandum to his petition, he maintains "Higgins did not appeal the Criminal judgment in this matter, nor has he filed any previous Motions, Petitions, or other pleadings to challenge the validity of convictions or sentences." The records of this Court fail to reflect a direct appeal from these convictions.

his claim heard and determined at a meaningful time and in a meaningful manner, see State v. McKnight, 51 S.W.3d 559 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.*, (1) claims based upon a new rule of constitutional law applicable to petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. T.C.A. § 40-30-102(b)(1-3). The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. See Seals, 23 S.W.3d at 278-79. The principles of due process are flexible, requiring a balancing of the Petitioner's liberty interest against the State's finality interests. Sample v. State, 82 S.W.3d 267, 274 (Tenn. 2002).

When considering whether due process should toll the statute of limitations, we utilize a three-step process:
> (1) determine when the limitations period would have normally have begun to run,
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). The reviewing court must carefully weigh the Petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," Burford, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." Sands, 903 S.W.2d at 301. The Petitioner claims that the statute of limitations is tolled by (1) the United States Supreme Court's decision in Johnson v. United States, 544 U.S. at 295, 125 S. Ct. at 1571, (2) newly discovered evidence of law enforcement corruption that affected the Petitioner's case; and (3) the Petitioner's actual innocence of the charges in this case.

In Johnson, the United States Supreme Court, interpreting a one-year federal statute of limitations, held that the vacatur of a prior state conviction used to enhance a federal sentence constituted a new "fact," which commenced the statute of limitations for collaterally attacking the federal sentence. Johnson did not create a new constitutional rule of law applicable to the Petitioner's case. See T.C.A. § 40-30-102(b)(1). The Petitioner's reliance upon Johnson is misplaced. The holding in Johnson was limited to challenging federal sentences and did not create a tolling provision for challenging state convictions.

The Petitioner further alleges that he is actually innocent of the offense and that newly discovered evidence of law enforcement corruption entitles him to relief. In support of his argument that newly discovered evidence exists, the Petitioner maintains that "law enforcement personnel working with the 24th Judicial Circuit and Hardin County Sheriff's Narcotics Taskforce were corrupt at the time Higgins was being 'investigated....'" This information fails to qualify as new scientific evidence. See T.C.A. § 40-30-102(b)(2). Moreover, the Petitioner's allegation in this regard remains just that an allegation. The Petitioner has failed to provide any specific documented evidence to substantiate his claims. Finally, the Petitioner alleges that he is actually innocent of the

3

crimes for which he has been convicted. He fails to specifically allege any argument in support of this claim. Based upon the record before this Court and the vague argument presented by the Petitioner, this Court remains unconvinced that the Petitioner is actually innocent of the offenses.

Due process requires that a petitioner be provided the opportunity to pursue a claim; it does not require that the courts of this state permit petitioners to wave the banner of "due process" to excuse purposeful delay in the presentation of claims nor does it permit petitioners to wrap themselves in a cloak of "due process" comprised of frivolous guises to evade the expired statute of limitations. The Petitioner's petition for post-conviction relief filed nearly ten years after the limitations expired is time-barred.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE

4