IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 21, 2012

## EFRAIN HUERATA ORDUNA v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Franklin County**
**Nos. 16633, 16634    Thomas W. Graham, Judge**

**No. M2011-01015-CCA-R3-PC - Filed June 21, 2012**

Pro se petitioner, Efrain Huerata Orduna, appeals the Circuit Court for Franklin County's summary dismissal of his petition for post-conviction relief. On May 31, 2007, petitioner pled guilty to first degree murder, aggravated rape, and aggravated kidnapping. He was sentenced to an effective sentence of life without the possibility of parole. On April 4, 2011, almost four years after the judgments were entered, petitioner filed his petition for post-conviction relief, contending that he did not understand the guilty plea proceedings and that other constitutional rights were violated. He failed to state any factual basis in the petition to explain its untimely filing. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Efrain Huerata Orduna, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; James Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Franklin County grand jury indicted petitioner for aggravated rape and aggravated kidnapping in case number 16633. In case number 16634, the grand jury indicted him for first degree murder, felony murder, especially aggravated robbery, and especially aggravated kidnapping. Petitioner pled guilty to aggravated rape and aggravated kidnapping in case number 16633 and received an effective sentence of twenty years. Petitioner pled guilty to

first degree murder in case number 16634, and the trial court ordered him to serve a life sentence without the possibility of parole concurrently with his sentence in case number 16633. The trial court entered the judgments of conviction on May 31, 2007. The record does not include a transcript of the guilty plea hearing.

On April 4, 2011, petitioner filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel, that his guilty pleas were involuntary, and that other constitutional rights were violated. He contended that because he does not speak or understand English well, he did not understand the proceedings and his pleas were involuntary. Petitioner further argued that racial discrimination existed during the selection process of the grand and petit juries. On April 6, 2011, the State filed a motion to dismiss the petition for post-conviction relief based upon the statute of limitations. On April 15, 2011, the post-conviction court granted the State's motion to dismiss, finding that the petitioner had untimely filed his petition. The post-conviction court cited section 5(F)(4) of Supreme Court Rule 28 that states a court may dismiss a petition for post-conviction relief without a hearing if the petition does not explain why the statute of limitations has not barred the claim.

A person convicted of a crime must petition for post-conviction relief within one year of the final action of the highest state court that has considered the claim. Tenn. Code Ann. § 40-30-102(a) (2006). Time is of the essence when asserting a claim for post-conviction relief, and a petitioner's compliance with the statute of limitations is an element of the right to file a petition. *See id*. § 40-30-102(b). A petition for post-conviction relief must include facts that demonstrate timely filing or justification for tolling the statute of limitations period. *See State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). A petitioner's failure to include sufficient factual allegations of either compliance with the statute or circumstances that require the court to toll the statute will result in dismissal. *Id.* However, pursuant to Tennessee Code Annotated section 40-30-102(b)(1)-(3), this court may consider a petition for post-conviction relief filed outside the one-year statute of limitations if the petitioner's claim (1) is based upon a final ruling of an appellate court establishing a new constitutional right; (2) is based upon new scientific evidence establishing that petitioner is actually innocent; or (3) seeks relief from a sentence that was enhanced because of a prior conviction that was found to be invalid.

In addition to the exceptions above, this court will also consider an untimely petition if due process considerations require tolling of the post-conviction statute of limitations. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992). "To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale

and fraudulent claims." *Gerald Wayne Carter v. State*, No. W2008-00652-CCA-R3-PC, 2008 WL 4922710, at *2 (Tenn. Crim. App. Nov. 13, 2008) (citing *Burford*, 845 S.W.2d at 208). When determining whether due process considerations mandate tolling of the statute of limitations, a court should use a three step process:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State,* 903 S.W.2d 297, 301 (Tenn. 1995)

Petitioner filed his petition for post-conviction relief more than three years after the guilty pleas and judgments were entered in his case, well beyond the one-year statute of limitations. It appears from petitioner's brief that he mistakenly believed the statute of limitations was three years. However, in 1995 the legislature repealed the entire 1989 Post-Conviction Procedure Act, which gave petitioners three years to file a petition for post-conviction relief. *See* 1995 Pub. Acts, ch. 207, § 1. The legislature adopted the 1995 Post-Conviction Procedure Act, which reduced the statute of limitations for post-conviction relief to one year. *See id*. "Simply put, ignorance of the law is no excuse, even for pro se litigants." *Leroy D. Jones v. State*, No. M1999-00930-CCA-R3-PC, 2000 WL 718218, at *1 (Tenn. Crim. App. May 19, 2000) (citing *Thomas Ray Dyer v. State*, No. 03C01-9712-CR-00515, 1998 WL 667872, at *1 (Tenn. Crim. App. Sept. 23, 1998)). Likewise, "[i]gnorance of the statute of limitations is not an excuse for late filing." *Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996).

Petitioner's convictions were well after the enactment of the one-year statute of limitations. Thus, petitioner had one year after the judgments became final to file his petition for post-conviction relief. He did not timely file his petition, and he did not state that any statutory basis existed to excuse the untimely filing. *See* Tenn. Code Ann. § 40-30-102(b)(1)-(3). Furthermore, the petition contained no factual basis to afford due process tolling of the statute of limitations. *See Nix*, 40 S.W.3d at 464. It appears from a thorough review of the record that petitioner had a reasonable and meaningful opportunity to raise all of his issues before the applicable time period expired. *See State v. McKnight*, 51 S.W.3d 559, 563 (Tenn. 2001). All of petitioner's grounds for relief arose before or during his guilty plea hearing. Thus, they are not "later-arising" such that due process tolling is applicable. *See Brown*, 928 S.W.2d at 456. Petitioner is not entitled to relief.

## III. Conclusion

Based on the foregoing, we affirm the post-conviction court's order summarily dismissing the petition.

_____
ROGER A. PAGE, JUDGE